UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                  :
GEORGE STOKES, et al.,            :
                                  :
          Plaintiffs,             :      Civ. No. 19-20601 (NLH) (AMD)
                                  :
     v.                           :            OPINION
                                  :
ARAMARK CORPORATION,              :
et al.,                           :
                                  :
          Defendants.             :
_____:


APPEARANCES:

George David Dean, Jr.
275604
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330

Eddie J. Ward
274677
Atlantic County Justice Facility
5060 Atlantic Ave
Mays Landing, NJ 08330

Plaintiffs Pro se


HILLMAN, District Judge

     Plaintiffs George David Dean, Jr. and Eddie J. Ward,

inmates presently incarcerated at the Atlantic County Jail in

Mays Landing, New Jersey, have submitted account statements in

order to apply for in forma pauperis status.  ECF No. 9.

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  The Prison Litigation Reform Act requires "each prisoner to pay a full fee" when multiple prisoners are plaintiffs.  Hagan v. Rogers, 570 F.3d 146, 155 (3d Cir. 2009).  Mr. Dean and Mr. Ward did not pay the filing fee or submitted complete in forma pauperis applications as the only documents received from them are uncertified account statements.

The entire fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all

2

assets and liabilities, which states that the prisoner is unable

to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must

submit a certified copy of his inmate trust fund account

statement(s) for the six-month period immediately preceding the

filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner

must obtain this certified statement from the appropriate

official of each correctional facility at which he was or is

confined during such six-month period.  Id.

If the prisoner is granted in forma pauperis status, the

prisoner must pay the full amount of the filing fee, in

installments, as follows.  28 U.S.C. § 1915(b)(1).  In each

month that the amount in the prisoner's account exceeds $10.00,

until the filing fee is paid, the agency having custody of the

prisoner shall assess, deduct from the prisoner's account, and

forward to the Clerk of the Court an installment payment equal

to 20% of the preceding month's income credited to the

prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiffs may not have known when they submitted the

Complaint that they must pay the filing fee, and that even if

the full filing fee, or any part of it, has been paid, the Court

must dismiss the case if it finds that the action: (1) is

frivolous or malicious; (2) fails to state a claim upon which

relief may be granted; or (3) seeks monetary relief against a

defendant who is immune from such relief.  28 U.S.C. §

1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. §
1915A (dismissal of actions in which prisoner seeks redress from
a governmental defendant).  If the Court dismisses the case for
any of these reasons, § 1915 does not suspend installment
payments of the filing fee or permit the prisoners to get back
the filing fee, or any part of it, that has already been paid.

     If the prisoner has, on three or more prior occasions while
incarcerated, brought in federal court an action or appeal that
was dismissed on the grounds that it was frivolous or malicious,
or that it failed to state a claim upon which relief may be
granted, he cannot bring another action in forma pauperis unless
he is in imminent danger of serious physical injury.  28 U.S.C.
§ 1915(g).

     The Court will instruct the Clerk to send Mr. Ward and Mr.
Dean new in forma pauperis applications.  Both plaintiffs must
complete the applications and submit certified account
statements.

CONCLUSION

     For the reasons set forth above, the Clerk of the Court will
be ordered to administratively terminate this action, without

filing the Complaint or assessing a filing fee.[1]  The Clerk will

be directed to reopen the matter once Plaintiffs submit a new

application.

An appropriate Order follows.

Dated: __April 28, 2020__              __s/ Noel L. Hillman__
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for
purposes of the statute of limitations, and if the case is re-
opened pursuant to the terms of the accompanying Order, it is
not subject to the statute of limitations time bar if it was
originally submitted timely.  See Houston v. Lack, 487 U.S. 266
(1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc.
Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases
and explaining that a District Court retains jurisdiction over,
and can re-open, administratively closed cases).