UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE STOKES, et al., | No. 19-cv-20601 (NLH) (AMD) |
| Plaintiff, | |
| v. | OPINION |
| ARAMARK CORPORATION, et al., | |
| Defendants. | |

APPEARANCES:

George Stokes
260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330

David Dean, Jr.
275604
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330

Eddie J. Ward
274677
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330

Plaintiffs Pro se

HILLMAN, District Judge

Plaintiffs George Stokes, David Dean Jr., and Eddie Ward, pretrial detainees confined at the Atlantic County Jail, seek to bring an amended complaint pursuant to 42 U.S.C. § 1983 against Aramark Company and others for the quality of the food served at the county jail. See ECF No. 6.

1

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the amended complaint will be dismissed without prejudice.

I.   BACKGROUND

Plaintiffs allege Aramark, the company tasked with providing the food to the detainees at the Atlantic County Jail, is "poisoning" them by serving "expired" food. ECF No. 6 at 24. They further allege inmate food workers were urinating in coffee that was being served to the sex offender tier. Id. at 25.

Plaintiffs state they noticed leftover food from prior meals being repackaged into a later meal. Id. "[W]e was served meat, biscuit, cold cereal, milk with 4 sugars. That same day, meat leftover from breakfast was served for dinner cold with rice." Id. On another occasion, "we was served beans for dinner, then . . . we was given the same beans left over from the previous dinner." Id. at 26. "On 10-26-19 we was served noodles w/carrots and sliced meat for lunch. On the same date for Dinner we had rice, beans mixed with ground beef." Id. Plaintiffs allege they had "the same noodles with carrots from the previous lunch combined with the same rice from dinner with

2

the same portion." Id. They cite several other examples of leftover food being served to the detainees to save money despite frequent complaints to the jail staff about the quality of the food. They claim to have been "poisoned" by the food on January 31, 2020. Id. at 52.

Plaintiffs seek damages in the amount of $500,000. Id. at 53.

## II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiffs are proceeding in forma pauperis and are incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind

Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

The Fourteenth Amendment's Due Process Clause governs the conditions of confinement for pretrial detainees.  Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005).  Allegations that prisons are not providing adequate nutrition falls within the broader category of conditions of confinement claims.  "The constitutionally adequate diet 'must provide adequate nutrition, but corrections officials may not be held liable [as to claims of inadequate food] unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind).'"  Alpheaus v. Camden Cty. Corr. Facility, No. 17-0180, 2017 WL 2363001, at *10 (D.N.J. May 31, 2017) (quoting Duran v. Merline, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013)) (alteration in original).

"Objectively, '[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and

4

duration of the deprivation.'" Duran, 923 F. Supp. 2d at 720 (quoting Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999)) (alterations in original). "Furthermore, prison officials may not be held liable for violating an inmate's right to adequate nutrition unless the inmate shows that the officials acted with a sufficiently culpable state of mind." Estrella v. Kelsey, No. 20-181, 2020 WL 4364342, at *3 (D.N.J. July 30, 2020). "The subjective element of a Fourteenth Amendment conditions of confinement claim may be inferred when the condition 'is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" Id. (quoting Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007)).

Plaintiffs have not alleged an objectively serious deprivation. Their complaints are that the prison is serving them leftover food, something millions of non-incarcerated people eat every day, and is depriving them of "butter, salt, pepper, Jelly, peanut butter, and other dishes . . . ." ECF No. 6 at 30. "[I]nmates must be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger' to their health and well being." Duran, 923 F. Supp. 2d at 720 (quoting Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983)). Repetitive meals, a lack of condiments, and a single incident of illness, ECF No. 6 at 52,

5

are not enough for the Court to make a reasonable inference that Plaintiffs are not receiving nutritionally adequate meals.

Plaintiffs' allegation that inmate food workers are urinating in coffee before serving it to the inmates would certainly rise to the required objective level of harm. "During a few court trips, I've heard kitchen workers mention that they urinate in the coffee container that is sent up to the tier that I'm housed on because it houses sex offenders. I was told that someone will from now on make sure that isn't happening." ECF No. 6 at 25; see also id. at 49. However, Plaintiff still have not alleged a Fourteenth Amendment violation.

Plaintiffs assert the tampering was committed by inmate kitchen workers. Id. at 49. Inmate workers are not considered to be acting under color of state law for purposes of § 1983. "The legal rule is that fellow prisoners do not act under color of state law and thus claims against such fellow prisoners must be dismissed for failure to state a claim upon which relief can be granted." Bean v. McFarland, No. CIV.A. 15-228, 2015 WL 1431124, at *2 (W.D. Pa. Mar. 27, 2015) (citing Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011)) "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).

6

Plaintiffs have also failed to state a claim to the extent they assert Aramark or Warden Kelsey failed to supervise the inmate workers. "Claims alleging a failure to train, failure to discipline, or failure to supervise are a subset of . . . policy or practice liability." Womack v. Moleins, No. 10-2932, 2015 WL 420161, at *3 (D.N.J. Jan. 30, 2015) (citing Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds sub nom. Taylor v. Barkes, 575 U.S. 822 (2015)) In order to state a failure to supervise claim, Plaintiffs must provide sufficient facts that, if true, would show: "(1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." Barkes, 766 F.3d at 317 (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Plaintiff have failed to allege that a specific policy created an unreasonable risk of food tampering, someone was aware that the policy created the risk of food tampering, and how that person or persons were deliberately indifferent to the risk of tampering. Indeed, the facts alleged in the complaint indicate that Plaintiffs were told the unidentified supervisor

7

would "make sure that isn't happening" after being informed of the coffee tampering.  ECF No. 6 at 25.

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court will grant leave to amend as Plaintiffs may be able to allege facts that will state a claim for relief.

In the event Plaintiffs choose to file a second amended complaint, they should bear in mind that "an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity."  Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017) (citing W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)).  Once a second amended complaint is filed, the amended complaint "once superseded, cannot be utilized to cure defects in the [second] amended pleading, unless the relevant portion is specifically incorporated in the new pleading."  Wright & Miller § 1476.  The safer course is to file a second amended complaint that is complete in and of itself.

IV.  <u>CONCLUSION</u>

For the reasons stated above, the amended complaint will be dismissed without prejudice for failure to state a claim. Plaintiffs will be granted 30 days to move for leave to file a second amended complaint.

An appropriate order follows.

Dated: _September 28, 2020_               ___s/ Noel L. Hillman____
At Camden, New Jersey                     NOEL L. HILLMAN, U.S.D.J.